UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JEFFREY H. WALDEN, Individually and on Behalf of All Other Persons Similarly Situated,

    Plaintiff,

v.

SANITATION SALVAGE CORP., ANDREW SQUITIERI, JOHN SQUITIERI, and STEVE SQUITIERI, Jointly and Severally,

    Defendants.

---------------------------------------------------------------x

ECF CASE

Index. No.:

CLASS AND COLLECTIVE ACTION COMPLAINT

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1. Plaintiff Jeffrey H. Walden ("Walden" or "Plaintiff") alleges on behalf of himself and other similarly situated current and former employees of the Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to (i) unpaid wages from Defendants for overtime work for which they did not receive any compensation, as required by law, and (ii) liquidated damages under the FLSA, 29 U.S.C. §§201 *et seq.*

2. Plaintiff Walden further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages from Defendants for overtime work for which they did not receive any compensation, as required by the New York Labor Law ("NYLL") §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the NYLL),

-1-

(ii) penalties for Defendants' violations of their record keeping requirements under NYLL § 195, and (iii) liquidated damages under the NYLL, as amended by the Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Walden's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Walden's FLSA claims under 29 U.S.C. § 216(b).

4. Venue is proper in this district under 28 U.S.C. §1391(b).

5. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff Walden was, at all relevant times, an adult individual, residing in Bronx, New York, Bronx County.

7. Upon information and belief, Defendant Sanitation Salvage Corp. ("Sanitation Salvage") is a domestic corporation, organized and existing under the laws of the State of New York, which is licensed to do business in the State of New York with a principal place of business at 421 Manida Street, Bronx, New York 10474.

8. Upon information and belief, Defendant Sanitation Salvage is an enterprise engaged in commerce or in the production of goods for commerce. Defendant Sanitation Salvage is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross

volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, vehicles and cleaning equipment.

9. Upon information and belief, Defendant Andrew Squitieri ("A. Squitieri") owns, operates and/or controls the day-to-day operations and management of Defendant Sanitation Salvage and jointly employed Plaintiff Walden and other similarly situated employees at all relevant times.

10. The address of Defendant A. Squitieri is presently unknown but his business address is 421 Manida Street, Bronx, New York 10474.

11. Upon information and belief, Defendant John Squitieri ("J. Squitieri") owns, operates and/or controls the day-to-day operations and management of Defendant Sanitation Salvage and jointly employed Plaintiff Walden and other similarly situated employees at all relevant times.

12. The address of Defendant J. Squitieri is presently unknown but his business address is 421 Manida Street, Bronx, New York 10474.

13. Upon information and belief, Defendant Steve Squitieri ("S. Squitieri") owns, operates and/or controls the day-to-day operations and management of Defendant Sanitation Salvage and jointly employed Plaintiff Walden and other similarly situated employees at all relevant times.

14. The address of Defendant S. Squitieri is presently unknown but his business address is 421 Manida Street, Bronx, New York 10474.

15. Each Defendant, either directly or indirectly, has hired and fired Plaintiff Walden and other employees, supervised and controlled Plaintiff's work schedule and

conditions of employment, determined the rate and method of his payment, and kept at least some records regarding his employment.

## COLLECTIVE ACTION ALLEGATIONS

16. Under 29 U.S.C. §207, Plaintiff Walden seeks to prosecute his FLSA claims as a collective action on behalf of all persons Defendants employed and are employing as "Helpers" at any time since January 6, 2008 (the statute of limitations is extended under equitable tolling) to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation for hours worked in excess of forty (40) per workweek (the "Collective Action Members").

17. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, approximately sixty (60) Collective Action Members exist during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

18. Plaintiff Walden will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law, wage and hour law, and collective action litigation. Plaintiff Walden has no interest that is contrary to or in conflict with those members of this collective action.

19. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. No difficulty exists in the management of this action as a collective action.

20. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff Walden and other Collective Action Members are:

    a. whether Defendants employed the Collective Action members within the meaning of the FLSA;

    b. whether Defendants failed to keep true and accurate time records for all hours Walden and the Collective Action Members worked;

    c. whether Defendants failed to post or keep posted a notice explaining minimum and/or overtime pay rights provided by the FLSA in any area where Plaintiff Walden and the Collective Action Members were employed, violating 29 C.F.R. § 516.4;

    d. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

e. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

f. whether Defendants misclassified the Collective Action Members as exempt from overtime;

g. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

h. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

i. whether Defendants should be enjoined from such violations of the FLSA in the future; and

j. whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## CLASS ALLEGATIONS

21. Plaintiff Walden sue on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

22. Plaintiff Walden brings his NYLL claims on behalf of all persons whom Defendants are employing and have employed as "Helpers" at any time since January 6, 2008, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the NYLL and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for

hours worked in excess of forty (40) per workweek and who did not receive the required Notice and Acknowledgment of Pay Rate and Payday under NYLL § 195.1, violating the NYLL (the "Rule 23 Class Members").

23. The Rule 23 Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, approximately sixty (60) Rule 23 Class Members exist during the Class Period.

24. Plaintiff Walden's claims are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

25. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

26. Plaintiff Walden is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

27. Plaintiff Walden has the same interest in this matter as all other members of the class and Plaintiff Walden's claims are typical of the Rule 23 Class.

28. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions solely affecting the individual Rule 23 Class Members, including but not limited to:

   a. whether Defendants employed Plaintiff Walden and the Rule 23 Class Members within the meaning of the NYLL;

   b. whether Defendants failed to keep true and accurate time records for all hours Plaintiff Walden and the Rule 23 Class Members worked;

   c. whether Defendants failed to post or keep posted a conspicuous notice explaining the minimum wages and overtime pay rights provided by the NYLL in any area where Plaintiff Walden and the Rule 23 Class Members are or were employed, violating the NYLL;

   d. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   e. whether Defendants failed and/or refused to pay Plaintiff Walden and the Rule 23 Class Members premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the NYLL;

   f. whether Defendants failed to provide Plaintiff Walden and the Rule 23 Class Members the required notice under NYLL § 195.1;

   g. whether Defendants failed to post the notice required by NYLL § 198-d;

h.  whether Defendants misclassified Plaintiff Walden and the Rule 23 Class Members as exempt from overtime;

i.  whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

j.  whether the Defendants should be enjoined from such violations of the NYLL in the future.

## STATEMENT OF FACTS

29. At all relevant times, upon information and belief, Defendant Sanitation Salvage provides waste management services to families, commercial businesses, and industrial development companies in the Bronx, Brooklyn, Queens and Manhattan Boroughs, and in Westchester County.

30. As stated on its website, Defendant Sanitation Salvage serves nearly "10,000 customers and clients that range from the best 5-star Manhattan hotels, to scores of hospitals and nursing homes throughout the region, to the hundreds of everyday Mom & Pop neighborhood businesses that we serve in nearly every neighborhood of this great city."

31. Upon information and belief, Defendant Sanitation Salvage's fleet consists of over 20 vehicles.

32. Defendants employed Plaintiff Walden as a Helper from on or about June 17, 2011 to February 16, 2013.

33. As Helpers, the primary duties of Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members included collecting garbage and recyclable materials from the streets and placing them in the truck.

34. As Helpers, Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members did not drive the garbage trucks.

35. In performing their primary duties as Helpers, Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members casually – but with great effort – tossed the garbage into the truck without exercising judgment or discretion to build a balanced load or to distribute the garbage in such a manner that the safe operation of the trucks were not jeopardized.

36. In performing their primary duties as Helpers, Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members did not directly affect the vehicle's safety of operation.

37. Throughout the time Defendants employed Plaintiff Walden and, upon information and belief, both before that time and continuing until today (the Class and Collective Action Period), Defendants have likewise employed other individuals like Plaintiff Walden (the Rule 23 Class and Collective Action Members) in positions that required little skill and no capital investment, and their duties and responsibilities did not include any managerial responsibilities, or the exercise of independent judgment.

38. One or two Helpers are assigned to each truck.

39. At any one time, Defendants are employing 28 or more Helpers.

40. A heavy turnover rate exists with the Helpers: many voluntarily terminate their employment with Defendants or Defendants terminate their employment.

41. Defendants scheduled Plaintiff Walden, and upon information and belief, the Rule 23 and Collective Action Members for 16-hour shifts (from 11:00 p.m. to 3:00 p.m.) five days per week, equaling 80 hours per week.

42. During these 16-hour shifts, Plaintiff Walden, and upon information and belief, the Rule 23 and Collective Action Members would collect garbage along a designated route and then drop off the garbage in Hunts Point, New York and repeat this process two-to-three times each day.

43. Plaintiff Walden and the Rule 23 and Collective Action Members did not clock in or clock out.

44. Defendants paid Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members an hourly rate for performing their duties, with Plaintiff Walden's regular rate at $14.50 per hour.

45. Defendants did not pay Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members for every hour that they worked above forty in a week.

46. Despite working eighty-hour weeks, Defendants paid Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members for only fifty (50) hours.

47. Defendants did not pay Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members for thirty (30) or more hours that they worked above forty (40) in a week.

48. For the overtime hours that Defendants did pay Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members, they paid them one and one-half times their regular hourly rate.

49. Defendants treated and classified Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members as non-exempt for purposes of being entitled to overtime premium pay.

50. Defendants did not pay Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members overtime premium pay of one and one-half (1.5) their hourly rate for every hour that they worked above forty (40) in a week.

51. Defendants paid Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members by check every week and the wage statement attached thereto made clear they were being paid for exactly fifty (50) hours every week.

52. Defendants were aware of Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members working more than fifty (50) hours in a week and permitted them to do work those additional hours.

53. When Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members worked above fifty (50) hours in a week, they continued to perform their primary duties for which Defendants specifically employed them, and these hours were an integral and indispensible part of their employment.

54. As Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members were not compensated for approximately thirty (30) hours each week, the hours they worked above fifty (50) in each week are not *de minimis*.

55. At the time of hire, Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action Members did not receive from Defendants a Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1.

56. During his employment with Defendants, Plaintiff Walden verbally complained to Defendant A. Squitieri about not being paid for each hour he worked, to which A. Squitieri responded "If you don't like it, quit."

57. In addition to other duties, J. Squitieri established the routes for Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action members.

58. Defendants S. Squitieri, J. Squitieri and A. Squitieri exercised operational control over Plaintiff Walden and, upon information and belief, the Rule 23 Class and Collective Action members, which directly affected the conditions of their employment.

59. Throughout the Class and Collective Action Period, upon information and belief, Defendants failed to maintain accurate and sufficient time records.

## FIRST CAUSE OF ACTION

FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
(Brought on Behalf of Plaintiff Walden and the Collective Action Members)

60. Plaintiff Walden repeats and realizes each and every allegation of the preceding paragraphs as if fully set forth herein.

61. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff Walden and each of the Collective Action Members within the meaning of the FLSA.

63. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

64. Plaintiff Walden consents in writing to be a party to this action under 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

65. Defendants were required to pay Plaintiff Walden and the Collective Action Members no less than one and one-half (1.5) times the regular rate at which they were employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

66. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for all of their hours worked in excess of forty (40) hours per workweek.

67. Defendants permitted Plaintiff Walden and the Collective Action members to work beyond fifty (50) hours in a week.

68. In failing to compensate Plaintiff Walden and the Collective Action Members for all hours worked, Defendants violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

69. Plaintiff Walden and the Collective Action Members are not seeking to recover gap time in this claim; they seek recovery only for unpaid work for the hours that

they worked above forty (40) in a week for which they were not compensated at their overtime premium rate.

70. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay the Collective Action Members overtime wages.

71. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff Walden and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

72. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled for a six-year statute of limitations.

73. As a result of Defendants' violations of the FLSA, Plaintiff Walden and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

NEW YORK LABOR LAW – UNPAID OVERTIME
(Brought on Behalf of Plaintiff Walden and the Rule 23 Class Members)

74. Plaintiff Walden repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

75. Defendants are employers within the meaning of NYLL §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Walden and the Rule 23 Class Members.

76. Under the NYLL and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff Walden and the Rule 23 Class Members one and one-half (1 ½) times their regular rate of pay for all hours they worked in excess of forty (40).

77. Defendants failed to pay the Rule 23 Class Members the overtime wages to which they were entitled under the NYLL.

78. Defendants failed to compensate Plaintiff Walden and the Rule 23 Class Members for all time they spent working above fifty (50) hours in a week.

79. Defendants permitted Plaintiff Walden and the Rule 23 Class Members to work beyond fifty (50) hours in a week.

80. In failing to compensate Plaintiff Walden and the Rule 23 Class Members for all hours worked, Defendants violated the NYLL and the regulations thereunder, NYLL § 663(1).

81. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Rule 23 Class Members the correct amount of overtime wages.

82. Due to Defendants' violations of the NYLL, Plaintiff Walden and the Rule 23 Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## THIRD CAUSE OF ACTION

## NEW YORK LABOR LAW – RECORDKEEPING VIOLATIONS
(Brought on Behalf of Plaintiff Walden and the Rule 23 Class Members)

83. Plaintiff Walden repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

84. Defendants have willfully failed to supply Plaintiff Walden and the Rule 23 Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1.

85. Due to Defendants' violations of NYLL § 195.1, Plaintiff Walden and the Rule 23 Class Members are entitled to recover from Defendants fifty dollars ($50.00) for each work week that the violations occurred or continue to occur, or a total of two thousand five hundred dollars ($2,500.00), as provided for by NYLL § 198(1)-b, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Walden, on behalf of himself and the Rule 23 Class and Collective Action Members, respectfully requests this Court grant the following relief:

a. Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiff Walden and his counsel to represent the Rule 23 Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C.

§ 216(b) and appointing Plaintiff Walden and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid overtime compensation under the FLSA and NYLL;

f. An award for failing to provide the wage statements under the NYLL;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation under the FLSA and NYLL;

h. Equitably tolling the statute of limitations under the FLSA;

i. An award of prejudgment and post-judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Walden demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       January 6, 2014

                        BRONSON LIPSKY LLP

                        Douglas Lipsky (DL-9372)
                        630 Third Avenue, Fifth Floor
                        New York, New York 10017-6705
                        Phone: 212.392.4772
                        Fax: 212.444.1030
                        dl@bronsonlipsky.com

                        Jeffrey M. Gottlieb (JG-7905)
                        nyjg@aol.com
                        Dana L. Gottlieb (DG-6151)
                        danalgottlieb@aol.com
                        GOTTLIEB & ASSOCIATES
                        150 East 18th Street, Suite PHR
                        New York, New York 10003
                        Phone: 212.228.9795
                        Fax: 212.982.6284

                        *Attorneys for Plaintiff Walden and the Putative Class Members*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Sanitation Salvage Corp, et. al to pay me the wages owed as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Jeffery H Walden_
Signature

_12/11/13_
Date

_Jeffery H Walden_
Print Name

Ⓟ Andrew Squitieri, John Squitieri + Steve Squitieri