UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
JEFFREY H. WALDEN, Individually and on
Behalf of All Other Persons Similarly Situated,                    Case No.:

                                                                                       14-CV-00112 (ER)

                                        Plaintiff,

                        v.                                                          **ANSWER**

SANITATION SALVAGE CORP., ANDREW
SQUITIERI, JOHN SQUITIERI, and STEVE
SQUITIERI, Jointly and Severally,

                                        Defendants.
------------------------------------------------------------------------------x


        Defendants,   SANITATION   SALVAGE   CORP.,   ANDREW   SQUITIERI,   JOHN

SQUITIERI, and STEVE SQUITIERI (collectively referred to herein as "Defendants"), by their

attorneys, TRIVELLA & FORTE, LLP, as and for their Answer and affirmative defenses to the

Complaint, hereby admit, deny and allege as follows:

1.  Defendants deny the allegations set forth in paragraph "1" of the Complaint, except
    admit that Plaintiff purports to bring this action under the Fair Labor Standards Act
    ("FLSA").

2.  Defendants deny the allegations set forth in paragraph "2" of the Complaint, except
    admit that Plaintiff purports to bring this action under the New York Labor Law
    ("NYLL").

3.  The allegations contained within paragraph "3" of the Complaint set forth legal
    conclusions for which no response is required.  To the extent the Court requires a
    response, the Defendants deny the paragraph.


Page 1 of 13.

4. The allegations contained within paragraph "4" of the Complaint set forth legal conclusions for which no response is required.  To the extent the Court requires a response, the Defendants deny the paragraph.

5. The allegations contained within paragraph "5" of the Complaint set forth legal conclusions for which no response is required.  To the extent the Court requires a response, the Defendants deny the paragraph.

6. Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "6" of the Complaint.

7. Defendants admit the allegations contained within paragraph "7" of the Complaint.

8. Defendants deny the allegations set forth in paragraph "8" of the Complaint, except admit that it is engaged in commerce and that its volume of business is at least $500,000.

9. Defendants deny the allegations set forth in paragraph "9" of the Complaint.

10. Defendants admit the allegations set forth in paragraph "10" of the Complaint.

11.  Defendants deny the allegations set forth in paragraph "11" of the Complaint.

12. Defendants admit the allegations set forth in paragraph "12" of the Complaint.

13. Defendants deny the allegations set forth in paragraph "13" of the Complaint.

14. Defendants admit the allegations set forth in paragraph "14" of the Complaint.

15. Defendants deny the allegations set forth in paragraph "15" of the Complaint.

16. Defendants deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiff purports to prosecute his FLSA claims as a collective action.

17.  Defendants deny the allegations set forth in paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in paragraph "19" of the Complaint.

20. Defendants deny the allegations set forth in paragraph "20" of the Complaint including all the subparagraphs of that paragraph.

21. Defendants deny the allegations set forth in paragraph "21" of the Complaint.

22. Defendants deny the allegations set forth in paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26. Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in paragraph "28" of the Complaint including all the subparagraphs of that paragraph.

29. Defendants admit the allegations set forth in paragraph "29" of the Complaint.

30. Defendants admit that the referenced quotation is contained within the Defendant Sanitation Salvage Corp. website but deny that said quotation has any legal import to this action.

31. Defendants admit the allegations set forth in paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in paragraph "32" of the Complain, except admit that from June 17, 2011 until February 16, 2103 Plaintiff was employed by Sanitation Salvage as a helper.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint, except admit that Plaintiff Walden was employed by Defendant Sanitation Salvage Corp. as a Helper.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in paragraph "37" of the Complaint.

38. Defendants admit the allegations set forth in paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in paragraph "44" of the Complaint, except admit that Plaintiff Walden was compensated by Sanitation Salvage at an hourly rate of pay.

45. Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48. Defendants admit the allegations set forth in paragraph "48" of the Complaint.

49. Defendants admit the allegations set forth in paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in paragraph "51" of the Complaint, except admit that Plaintiff was paid weekly by Sanitation Salvage.

52. Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in paragraph "55" of the Complaint.

56. Defendants deny the allegations set forth in paragraph "56" of the Complaint.

57. Defendants deny the allegations set forth in paragraph "57" of the Complaint.

58. Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in paragraph "59" of the Complaint.

60. Defendants repeat and reallege each and every response to paragraphs "1" through "59" of the Complaint as if fully set forth herein.

61. The allegations contained within paragraph "61" of the Complaint set forth legal conclusions for which no response is required.  To the extent the Court requires a response, the Defendants deny the paragraph.

62. The allegations contained within paragraph "62" of the Complaint set forth legal conclusions for which no response is required.  To the extent the Court requires a response, the Defendants deny the paragraph.

63. Defendants deny the allegations set forth in paragraph "63" of the Complaint, except admit that Sanitation Salvage has gross revenues in excess of $500,000.

64. Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "64" of the Complaint.  Defendants respectfully refer the Court to the documents referred to in paragraph "64" of the Complaint for its true content and meaning.

65. Defendants deny the allegations set forth in paragraph "65" of the Complaint and respectfully refer the Court to the statutes referenced in paragraph "65" for their true content and meaning.

66. Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67. Defendants deny the allegations set forth in paragraph "67" of the Complaint.

68. Defendants deny the allegations set forth in paragraph "68" of the Complaint.

69. Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "69" of the Complaint, except Defendants deny Plaintiffs were not paid overtime for hours above forty in a week and respectfully refer the Court to the Complaint for its true content and meaning.

70. Defendants deny the allegations set forth in paragraph "70" of the Complaint.

71. Defendants deny the allegations set forth in paragraph "71" of the Complaint.

72. Defendants deny the allegations set forth in paragraph "72" of the Complaint.

73. Defendants deny the allegations set forth in paragraph "73" of the Complaint.

74. Defendants repeat and reallege each and every response to paragraphs "1" through "73" of the Complaint as if fully set forth herein.

75. The allegations contained within paragraph "75" of the Complaint set forth legal conclusions for which no response is required.  To the extent the Court requires a response, the Defendants deny the paragraph.

76. Defendants deny the allegations set forth in paragraph "76" of the Complaint and respectfully refer the Court to the statutes and regulations referenced in paragraph "76" for their true content and meaning.

77. Defendants deny the allegations set forth in paragraph "77" of the Complaint.

78. Defendants deny the allegations set forth in paragraph "78" of the Complaint.

79. Defendants deny the allegations set forth in paragraph "79" of the Complaint.

80. Defendants deny the allegations set forth in paragraph "80" of the Complaint.

81. Defendants deny the allegations set forth in paragraph "81" of the Complaint.

82. Defendants deny the allegations set forth in paragraph "82" of the Complaint.

83. Defendants repeat and reallege each and every response to paragraphs "1" through "82" of the Complaint as if fully set forth herein.

84. Defendants deny the allegations set forth in paragraph "84" of the Complaint.

85. Defendants deny the allegations set forth in paragraph "85" of the Complaint.

## AS AND FOR A FIRST AFIRMATIVE DEFENSE

86. Plaintiff is subject to the exemptions to the maximum hour requirements, including the motor carrier exemption, as set forth in the Fair Labor Standards Act. 29 U.S.C. Section 213(b) (1) and New York Labor Law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

87. The claims set forth in the Complaint fail to state a cause of action for which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

88. To the extent the Complaint seeks damages more than 2 years prior to the interposition of the Complaint or other statutory limitations of time, the claims are barred by the applicable Statute of Limitations. 29 U.S.C. Section 255.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

89. To the extent Plaintiff was a manager or supervisor or otherwise exempt from the Fair Labor Standards Act pursuant to 29 U.S.C. Section 213 or New York Labor Law Defendants would not be required to pay overtime/spread of hours compensation to the Plaintiff and would not otherwise be liable to the Plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

90. To the extent Plaintiff did not work more than forty hours in a given week or more
than ten hours on a given day or otherwise did not work more than the hours specified
in 29 U.S.C. section 207(a) (1) or New York Labor Law governing spread of
hours/overtime Plaintiff is not entitled to overtime/spread of hours pay.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

91. The Court lacks subject matter jurisdiction over the Defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

92. The state law class action claims alleged in the Second and Third Causes of Action in
the Complaint are subject to dismissal as preempted or otherwise procedurally
inconsistent with the Fair Labor Standards Act, and pendent jurisdiction does not
apply and/or is inappropriate with respect to these causes of action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

93. Plaintiff fails to state a cognizable legal claim against the individual Defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

94. Attorneys' fees and expert fees are inappropriate relief.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

95. Defendants have paid Plaintiff all sums due and owing to Plaintiff.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

96. Plaintiff lacks the capacity to sue in a representative capacity and otherwise does not
meet federal and state procedural requirements for maintaining a class or collective
action.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

97. Plaintiff has failed to exhaust his contractual and arbitral remedies prior to

commencing this litigation.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

98. Plaintiff has failed to mitigate his damages.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

99. Any damages Plaintiff suffered were the result of Plaintiff's own conduct or the

conduct of third parties and not the result of the Defendants' actions.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

100. The class Plaintiffs are not similarly situated and otherwise fail to satisfy the

requirements of 29 U.S.C. §216 and FRCP 23.  Plaintiff's class causes of action are

dismissible as inconsistent with the Fair Labor Standards Act collective action

procedure.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

101. Defendants acted at all times in good faith and had reasonable grounds for its pay

practices and its belief that such practices complied with the FLSA and New York

Law.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

102. Even if Defendants are deemed to be liable for any amounts under the FLSA,

Plaintiffs claims for relief are barred in whole or in part by the *de minimis* doctrine.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

103. Defendants did not engage in willful or unlawful conduct.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

104.    Plaintiff's reservation of a claim for liquidated damages in the state class causes

of action is inconsistent with and barred by applicable state and federal case law and

statute.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

105.    To the extent Plaintiff or any putative Plaintiff is an illegal immigrant that

Plaintiff is not entitled to back pay the Plaintiff would not be permitted to work under

the Immigration Reform and Control Act of 1986 ("IRCA") and therefore was

unavailable for work during the period of illegal status. *Sure-Tan v. NLRB,* 467 U.S.

883(1984), *NRLB v Apra Fuel*, 134 F.3d 50 (2d Cir. 1997) (back pay allowed only

upon compliance with IRCA's verification requirements).

**WHEREFORE**, having fully answered all the counts of the Complaint, Defendants

respectfully demand judgment:

(a) Dismissing the Complaint in its entirety; and

(b) for the costs, attorneys' fees and disbursements of this action; and

(c) such other and different relief as the Court may deem just and proper.

Dated: March 7, 2014
       White Plains, New York

                        Yours, etc.,
                        TRIVELLA & FORTE, LLP


                         */s/Christopher Smith* _____
                        By:  Christopher Smith (CS 9014)
                        Jonathan Bardavid (JB 0072)
                        *Attorneys for the Defendants*
                        *Sanitation Salvage Corp., Andrew Squitieri, John Squitieri,*
                        *and Steve Squitieri*
                        1311 Mamaroneck Avenue, Suite 170
                        White Plains, New York 10605
                        Telephone:  (914) 949-9075/Facsimile:  (914) 949-4752

To:    Douglas Lipsky, Esq.
Bronson Lipsky, LLP
630 Third Avenue, Fifth Floor
New York, New York  10017-6705
Telephone: (212) 392-4772
dl@bronsonlipsky.com

Jeffrey M. Gottlieb, Esq.
Dana L. Gottlieb, Esq.
Gottlieb & Associates
150 East 18th Street, Suite PHR
New York, New York  10003
Telephone: (212) 228-9795
nyjg@aol.com
danalgottlieb@aol.com

*Attorneys for Plaintiff Walden and the Putative Class Members*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2014, I served the foregoing ANSWER on Douglas Lipsky, Esq. of Bronson Lipsky, LLP and upon Jeffrey M. Gottlieb, Esq. and Dana L. Gottlieb, Esq. of Gottlieb & Associates, Attorneys for Plaintiff, Walden and the Putative Class Members, by means of the Court's Electronic Case Filing (ECF) System in the matter of <u>Walden et al. v. Sanitation Salvage Corp. et al.</u>, 14-CV-00112 (ER).

TRIVELLA & FORTE, LLP

 */s/Christopher Smith*_____
By:  Christopher Smith (CS 9014)
Jonathan Bardavid (JB 0072)
*Attorneys for the Defendants*
*Sanitation Salvage Corp., Andrew Squitieri, John Squitieri,*
*and Steve Squitieri*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Telephone:  (914) 949-9075/Facsimile:  (914) 949-4752

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK               )
                                        ) ss.:

COUNTY OF WESTCHESTER       )

MICHELLE SALERNO, being duly sworn, deposes and says:

That I am not a party to this action; am over 18 years of age and reside in Westchester County, New York; that on the 7th day of March 2014, I served the within ANSWER in the action Walden et al. v. Sanitation Salvage Corp. et al., 14-CV-00112 (ER):

> Douglas Lipsky, Esq.
> Bronson Lipsky, LLP
> 630 Third Avenue, Fifth Floor
> New York, New York  10017-6705
>
> Jeffrey M. Gottlieb, Esq.
> Dana L. Gottlieb, Esq.
> Gottlieb & Associates
> 150 East 18th Street, Suite PHR
> New York, New York  10003

by depositing a true copy of the same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                        /s/ *Michelle Salerno*
                                        MICHELLE SALERNO

Sworn to before me this
7th day of March 2014.

    /s/ *Athena Truiano*
     Notary Public
ATHENA TRUIANO
Notary Public, State of New York
No. 01TR5075427
Qualified in Westchester County
Commission Expires March 31, 2015