UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                 :

| | | |
|---|---|---|
| JEFFREY H. WALDEN, individually and on behalf of all other persons similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| - against - | : | 14 Civ. 112 (ER) |
| | : | |
| SANITATION SALVAGE CORP., ANDREW SQUITIERI, JOHN SQUITIERI, and STEVE SQUITIERI, jointly and severally, | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------------x

| | | |
|---|---|---|
| KELVIN GARCIA, on behalf of himself and all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| - against - | : | 14 Civ. 7759 (ER) |
| | : | |
| SANITATION SALVAGE CORPORATION and STEVEN SQUITIERI, individually, | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------------x

## OPINION AND ORDER

RAMOS, D.J.:

       This is a consolidated putative collective and class action under the Fair Labor Standards

Act ("FLSA") and the New York Labor Law ("NYLL").  Plaintiffs Jeffrey H. Walden and

Kelvin Garcia allege that their former employers, Sanitation Salvage Corp. ("Sanitation

Salvage"), Andrew Squitieri, John Squitieri, and Steven Squitieri (collectively, "Defendants")

failed to pay them certain overtime wages in violation of the FLSA and the NYLL, and failed to

comply with the NYLL's recordkeeping requirements.  Pending before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Doc. 13.  Defendants brought the instant motion prior to the commencement of discovery in this action.  Plaintiff Walden has submitted a declaration pursuant to Rule 56(d), claiming that he is unable to present facts essential to his opposition of the instant motion without certain limited discovery.[1]  Plaintiff Garcia does not request discovery in order to oppose the instant motion, but instead claims that Defendants have not demonstrated the absence of a genuine issue of material fact.  For the reasons set forth below, Defendants' motion for summary judgment is GRANTED in part and DENIED in part.

## I.   Procedural Background

Plaintiff Walden commenced the instant action on January 8, 2014.  Doc. 1.  On March 7, 2014, Defendants filed their Answer.  Doc. 8.  A pre-motion conference was held on April 3, 2014, and the instant motion was filed on April 24, 2014.  Doc. 13.

On January 28, 2014, Plaintiff Garcia filed an action against Sanitation Salvage and Steven Squitieri in the United States District Court for the Eastern District of New York.  Doc. 1.  The two defendants answered the Complaint on March 31, 2014.  Doc. 9.  On June 6, 2014, Hiram Arocho filed notice of his consent to join that action as an opt-in plaintiff.  Doc. 12.  Then, on September 23, 2014, upon stipulation of the parties, the case was ordered transferred to this Court.

On January 20, 2015, pursuant to Rule 42(a) and with consent of the parties, the two actions were consolidated.  Doc. 30.  Then, on March 10, 2015, Garcia filed his opposition to the instant motion.

---

[1] Before 2010, Rule 56(d) was codified as Rule 56(f).  *See* Fed.R.Civ.P. Advisory Comm. Notes (2010 Amendments).

## II.    Factual Background

Defendant Sanitation Salvage is a New York corporation engaged in interstate commerce. Declaration of Steven Squitieri ("Squitieri Decl."), ¶ 2; *see also* Walden Compl. ¶ 8.  Sanitation Salvage is in the business of carrying and disposing of cardboard and garbage from residential and commercial establishments in the Bronx, Brooklyn, Queens, Manhattan, and Westchester County.  *Id.* ¶ 29; Squitieri Decl. ¶ 2.  Sanitation Salvage ships the waste it collects to locations throughout the United States and abroad.  Walden Compl. ¶ 2.  The individual defendants own, operate, and/or control the day-to-day operations of Sanitation Salvage and jointly employed Walden and Garcia.  *Id.* ¶¶ 9, 11, 13.

Plaintiff Walden worked as a "helper" at Sanitation Salvage from June 17, 2011 to February 16, 2013.  *Id.* ¶ 32; Squitieri Decl. ¶ 4.  In this role, Walden's primary duties were to collect garbage and recyclable materials from the street and place them into Defendants' trucks. Walden Compl. ¶ 33.  According to Walden, he worked 16-hour shifts five days per week for a total of 80 hours per workweek.  *Id.* ¶ 41.  The parties agree that Walden was paid his regular rate of $14.50 per hour for 40 hours per week, and that he was paid one and a half times his hourly rate for ten hours of overtime per week.  *Id.* ¶¶ 44-48; Squitieri Decl. ¶ 4.  And while Walden maintains that he was not paid anything for the remaining 30 hours worked, Defendants claim that all helpers, including Walden, received at least one and a half times their hourly rate for each overtime hour worked in a given workweek.  Walden Compl. ¶¶ 46-48; Squitieri Decl. ¶ 4.

Plaintiff Garcia was employed at Sanitation Salvage from approximately January 28, 2008 to September 13, 2013 as a "garbage and recycling pick-up driver."  Garcia Decl. ¶¶ 4-5. According to Garcia, he "just threw the garbage and recycling in the back of the truck" and did

3

not exercise judgment or discretion relating to the pick-up or loading of the items on the street. *Id.* ¶¶ 8-9.  Garcia contends that he worked five to six days per week in shifts of at least 11 hours, and was improperly paid a daily wage regardless of the number of hours he worked.  *Id.* ¶¶ 6-7; Garcia Compl. ¶ 16.

## III.   Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact."  Fed.R.Civ.P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).  A fact is "material" if it might affect the outcome of the litigation under the governing law.  *Id.*  The party moving for summary judgment is responsible for demonstrating the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment."  *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (internal quotation marks omitted) (quoting *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir.2008)).

In deciding a motion for summary judgment, the Court must "'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'"  *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).  However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture or surmise.  *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14,

18 (2d Cir. 1995).  The non-moving party must do more than show that there is "some metaphysical doubt as to the material facts."  *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor."  *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 256–57 (1986)).

If the party opposing a summary judgment motion shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may deny the motion or allow time to take discovery.  Fed.R.Civ.P. 56(d).  The affidavit or declaration must describe:  (1) what facts are sought and how they are to be obtained, (2) how such facts are reasonably expected to raise a genuine issue of material fact, (3) what efforts the affiant has made to obtain them, and (4) why the affiant's efforts were unsuccessful.  *Robinson v. Allstate Ins. Co.*, 508 F. App'x 7, 10 (2d Cir. 2013).  The grant of relief pursuant to Rule 56(d) is within the discretion of the district court.  *Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, 921 F. Supp. 2d 111, 126-27 (S.D.N.Y. 2013).

"There is a critical distinction . . . between cases where a litigant opposing a motion for summary judgment requests a stay of that motion to conduct *additional* discovery and cases where that same litigant opposes a motion for summary judgment on the ground that it is entitled to an opportunity to *commence* discovery with respect to [the non-movant's] claims."  *Desclafani v. Pave-Mark Corp.*, No. 07 Civ. 4639 (HBP), 2008 WL 3914881, at *7 (S.D.N.Y. Aug. 22, 2008) (quoting *Crystalline H2O, Inc. v. Orminski,* 105 F. Supp. 2d 3, 6-7 (N.D.N.Y. 2000)) (emphasis in original).  The Second Circuit has held that summary judgment should only be

granted if "*after discovery,* the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof."  *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303-04 (2d Cir. 2003) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir. 2000)) (internal quotation marks omitted) (alterations in original).  Only in the "rarest of cases," therefore, may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.  *Id.*

### IV.   Discussion

#### a.  Legal Standard

The FLSA requires that employees engaged in interstate commerce be paid "at a rate not less than one and one-half times the [employee's] regular rate" of pay for work in excess of forty hours in any workweek.  29 U.S.C. § 207(a).  However, Congress has exempted a broad range of employees from this rule.  *See* 29 U.S.C. § 213.  For example, the motor carrier exemption exempts from the FLSA's overtime provisions any employee with respect to whom the Secretary of Transportation (the "Secretary") has power to establish qualifications and maximum hours of service pursuant to 49 U.S.C. § 31502.

Section 31502 grants the Secretary the authority to prescribe qualifications and maximum hours of service of employees of a motor carrier.  This grant of authority applies to transportation by motor carrier of property in interstate or foreign commerce on a public highway.  49 U.S.C. § 13501.

Whether the motor carrier exemption applies to an employee depends on the nature of both the employer's and the employee's activities.  29 C.F.R. § 782.2(a).  First, the employer must be within the jurisdiction of the Secretary by virtue of operating as a "motor carrier," as defined by the statute.  *Dauphin v. Chestnut Ridge Transp., Inc.*, 544 F. Supp. 2d 266, 273

(S.D.N.Y. 2008).  Second, the individual employee must fall within an exempt classification, which the Supreme Court has held is a determination to be made by the courts.  *Pyramid Motor Freight Corp. v. Ispass*, 330 U.S. 695, 707 (1947).  In making this determination, the name given to the position is not controlling, rather it is the character of the activities involved in the employee's performance of his job that controls.  *Id.* at 707-08.  "According to the Department of Labor regulations, the employee must 'engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act.'"  *Williams v. Tri-State Biodiesel, L.L.C.*, No. 13 Civ. 5041 (GWG), 2015 WL 305362, at *5 (S.D.N.Y. Jan. 23, 2015) (quoting 29 C.F.R. § 782.2(a)).  The four broad categories of workers whose duties are said to directly affect the safety of vehicle operation are:  (1) drivers, (2) mechanics, (3) loaders, and (4) helpers of the first three.  *Id.* (internal citations omitted).  However, "[i]f not all of an employee's activities affect the safety of operations of motor vehicles in interstate commerce, a court must consider 'the character of the activities rather than the proportion of either the employee's time or his activities.'"  *Id.* (quoting *Morris v. McComb*, 332 U.S. 422, 431-32 (1947)); *see also Fox v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, 865 F. Supp. 2d 257, 266 (E.D.N.Y. 2012) ("What matters is the degree to which a worker's activities affects safety, not the amount of time the worker spends on that activity." (citing *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 674-75 (1947))).

The Second Circuit has held that because the FLSA is a remedial act, its exemptions are to be narrowly construed, and that the employer bears the burden of proving that its employees fall within an exempted category of the Act.  *Williams*, 2015 WL 305362, at *5 (quoting *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991)).

**b.  Defendants' Motion**

Defendants argue that they are entitled to summary judgment on Plaintiffs' FLSA claim because there is no genuine issue of fact that they are exempt from the FLSA's overtime provisions.  Defs. Mem. L. 13.  Defendants contend that Sanitation Salvage is a motor carrier under the authority of the Department of Transportation for the purposes of the motor carrier exemption because it is subject to the jurisdiction of the Secretary and Plaintiffs' duties affected the safe operation of the trucks.[2]  Defendants rely on the declaration of Steven Squitieri, as well as the affidavits of Sanitation Salvage helpers Christopher Bourke and Orrett Ewen (respectively, "Bourke Aff." and "Ewen Aff."), to argue that all helpers perform duties affecting the safety of operation.

According to Steven Squitieri, the helpers perform an initial safety inspection of the truck with the driver at the beginning of every shift, are required to familiarize themselves with hazards along the route and plan accordingly, and are given full discretion to screen for dangerous garbage and take action to ensure that the garbage is loaded safely.  Squitieri Decl. ¶¶ 6-7.  Helpers also act as "spotters," advising the drivers when the truck can be safely moved.  *Id.* ¶ 7.  Additionally, helpers are responsible for the safety of the other members of the crew by making sure their co-workers are wearing high-visibility clothing and reflective vests.  *Id.* Sanitation Salvage also provides the helpers with safety training addressing many of the above responsibilities.  *Id.*  Finally, Defendants claim that all helpers, including Walden, were paid at least one and a half times the minimum wage rate of pay for each overtime hour worked.  Defs.' 56.1 Stmt. ¶ 20.

---

[2] The parties agree that Sanitation Salvage is subject to the Secretary's jurisdiction because it is a "motor carrier" as that term is defined by the statute.

The affidavits submitted by Bourke and Ewen are consistent with Defendant Squitieri's declaration.  Both Bourke and Ewen attest that their job responsibilities include the safety-related duties discussed above, and that they were paid one and a half times the minimum wage rate for all hours over forty worked in a given week.  Bourke Aff. ¶¶ 2-5; Ewen Aff. ¶¶ 2-5.

**c.   Walden's Counsel's Declaration**

Douglas B. Lipsky, counsel for Walden, submitted a declaration asserting that Walden is unable to present facts essential to his opposition to the instant motion because there has been no discovery in the instant action.  Lipsky Decl. ¶ 1.  According to Walden, issues of fact exist as to whether he and the other helpers exercised discretion to "build a balanced load or to distribute the garbage in such a manner that the safety operation of the vehicle [is] not jeopardized," and the extent to which the helpers had discretion in loading the garbage onto the trucks, performing safety activities, and directing the activities of other helpers manning the trucks in order to ensure the safe operation of the trucks.  *Id.* ¶¶ 6-9.  In order to prove the existence of a genuine issue of material fact, Walden seeks information regarding, *inter alia*, the extent of the helpers' discretion in loading the trucks; the means by which Defendants communicate the purported discretionary authority to the helpers; and whether the helpers in fact adhere to a policy implemented by Sanitation Salvage in the performance of their duties.  *Id.*  Walden similarly seeks information regarding the discretion the helpers purportedly exercise in directing their co-workers' activities in order to ensure the safe operation of the trucks, as well as the helpers' discretion as to safety activities performed along the truck routes.  *Id.*  Walden seeks to obtain such information through depositions of Defendants and their affiants, as well as through paper discovery.  *Id.* ¶¶ 6-12.

### d. Walden's FLSA Claim

Determining whether an employee is exempt from the FLSA overtime requirement is a "highly fact-intensive inquiry that is to be made on a case-by-case basis in light of the totality of the circumstances." *Indergit v. Rite Aid Corp.*, Nos. 08 Civ. 9361 (PGG), 08 Civ. 11364 (PGG), 2010 WL 1327242, at *5 (S.D.N.Y. Mar. 31, 2010) (internal quotation marks and citation omitted). Here, it is undisputed that the parties were engaged in interstate commerce. Accordingly, the inquiry hinges on whether Plaintiffs' duties directly affected the safe operation of the sanitation trucks.

Walden's counsel's declaration meets the requirements of Rule 56(d). The declaration sets forth the information that Walden requires in order to oppose the instant motion, as well as the discovery needed in order to obtain such information. And although the declaration does not specify the facts counsel anticipates learning through discovery, it is sufficient at this stage—based on the parties' disagreement as to material facts, including the impact Walden had on the trucks' safety of operation—to infer that such facts will be further developed through discovery. *Cf. Miller*, 321 F.3d at 303 ("While the affidavit did not specify with precision the information plaintiff believed he could learn from deposing the three affiants, plaintiff cannot be faulted for failing to advise the district court precisely what information he might learn during discovery given that the facts sought were exclusively within defendants' possession and that he had no previous opportunity to develop the record through discovery.").

Courts in the Second Circuit routinely deny or defer motions for summary judgment when the non-movant has not had an opportunity to conduct discovery and submits an affidavit or declaration that meets the requirements set forth in Rule 56(d). *See, e.g.*, *id.* (finding that the district court's grant of summary judgment was premature where no discovery had taken place

and the district court relied on affidavits submitted by defendants, which discussed facts the plaintiff had been unable to investigate); *Cont'l Cas. Co.*, 921 F. Supp. 2d at 127 (deciding that defendants were entitled to conduct limited discovery where no discovery had taken place and defendants had submitted a declaration detailing the issues requiring discovery); *Wexelberg v. Project Brokers LLC*, No. 13 Civ. 7904 (LAK) (MHD), 2014 WL 2624761, at *9 (S.D.N.Y. Apr. 28, 2014) (observing that summary judgment would not be justified where discovery had not taken place and many pertinent facts were in defendants' unique possession).

Defendants claim that summary judgment is warranted here because "well-established case law" directs that helpers categorically fall under the FLSA's motor carrier exemption.  Defs. Mem. L. 9.  For this argument, Defendants rely on a district court case from outside of this district, *Graham v. Town & Country Disposal of Western Missouri, Inc.*, 865 F. Supp. 2d 952 (W.D. Mo. 2011).  In *Graham*, the court found that "garbage throwers" were exempt based on facts agreed to by the parties:  the plaintiffs were responsible for working with the drivers and riding on the trucks, operating the trash compactor, wearing clothing that was easily visible, and communicating with drivers through hand signals in order to ensure the safe backing up of the trucks.  *Id.* at 960.  The plaintiff in *Graham* also acknowledged that there were items he would not load onto the truck for safety purposes.  *Id.  Graham* is therefore easily distinguishable from this case, at least at this stage of the proceedings.  Here, the parties have not agreed on a statement of facts, and Walden specifically denies that he had discretion in deciding what items to place into the trucks.  Furthermore, while the court in *Graham* decided the motion after discovery, *see id.* at 961 n.10 (referencing the deposition testimony of several plaintiffs), there has not been an opportunity for any discovery in this case.

Similarly, in *Veney v. John W. Clarke Inc.*, 28 F. Supp. 3d 435, 442 (D. Md. 2014), the court determined that the plaintiffs—laborers who threw trash into the defendants' sanitation trucks—exercised discretion in loading the truck and therefore affected its safety of operation.[3] Significantly, as in *Graham*, the parties in *Veney* had an opportunity for discovery before the defendants brought their motion for summary judgment.  *See id.* at 438-40 (referencing six depositions and the individual defendant's interrogatory responses); *see also Vanartsdalen v. Deffenbaugh Indus., Inc.*, No. 09 Civ. 2030 (EFM), 2011 WL 1002027, at *3 (D. Kan. Mar. 18, 2011) (granting defendant trash collection company's motion for summary judgment—after discovery—based on findings that the plaintiff exercised judgment and discretion when, at each stop, he determined if the trash could be loaded safely).  Here, Plaintiffs have not had the opportunity to conduct depositions, submit interrogatories, or conduct any other discovery.  And while the reasoning of *Graham* and *Veney* may ultimately prevail here, any reliance on these

---

[3] The court denied the defendants' motion for summary judgment in *Veney* on the basis that they had failed to establish the motor carrier exemption's interstate commerce requirement.  *Veney*, 28 F. Supp. 3d at 442.

cases at this juncture would be premature.[4]  Defendants' motion for summary judgment is

therefore DENIED without prejudice with respect to Walden.[5]

### e.  Garcia's FLSA Claim

Unlike Walden, Garcia has not submitted an affidavit or declaration pursuant to Rule

56(d) in order to request discovery.  However, in the declaration he swore to in opposition to the

instant motion, Garcia asserts that he worked at Sanitation Salvage as a garbage and recycling

---

[4] Defendants argue that because Walden has failed to submit a counterstatement to their statement of material facts pursuant to Local Rule 56.1, their statement should be deemed admitted by Walden.  Defs. Reply Mem. L. 1.  A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules. *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal citations omitted).  Indeed, courts in this Circuit routinely excuse a party's failure to comply with Local Rule 56.1.  *See, e.g.*, *id.* (noting that it would "take [its] cue" from the district court, in whose discretion lay the initial determination not to apply Local Rule 56.1 to the plaintiff's failure to file a counterstatement to the defendant's Rule 56.1 statement); *Wilton Reassurance Life Co. of N.Y. v. Garbrecht*, No. 13 Civ. 5536 (RJS) (HBP), 2014 WL 6850968, at *8 (S.D.N.Y. Dec. 3, 2014) (adopting recommendation that the court overlook the non-moving defendants' failure to submit a Rule 56.1 statement and review the record independently based on the strong preference in the Second Circuit to resolve cases on the merits).  Accordingly, the Court will exercise its discretion and excuse Walden's failure to submit a Rule 56.1 counterstatement in addition to the Rule 56(d) declaration.

Additionally, Defendants claim that Walden should have submitted an affidavit in compliance with Rule 56(e) of the Federal Rules of Civil Procedure in addition to counsel's Rule 56(d) declaration.  Defs. Reply Mem. L. 1.  However, Rule 56(e) states that even if a party fails to properly support an assertion of fact or address another party's assertion of fact, the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment; or (4) issue any other appropriate order.  Accordingly, for the reasons stated above, the Court declines to grant the instant motion with respect to Walden based on an undeveloped record.

[5] Because summary judgment on Walden's FLSA claim is premature, the Court need not address the issue of supplemental jurisdiction in connection with his NYLL claims.

Additionally, in connection with their argument that the Court should decline to exercise supplemental jurisdiction over Walden's NYLL claims, Defendants contend that Paragraph 20(c) should be stricken from Walden's complaint because he has failed to provide evidence in support of the allegation that Sanitation Salvage did not post a notice explaining employees' minimum wage and overtime pay rights.  Defs. Reply Mem. L. 8.  To prevail on a Rule 12(f) motion to strike, a party must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant.  *In re Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458, 471 (S.D.N.Y. 2012), *aff'd*, 525 F. App'x 16 (2d Cir. 2013).  Matters should not be stricken from a pleading unless it "clearly can have 'no possible relation' to the matter in controversy." *TouchTunes Music Corp. v. Rowe Int'l Corp.*, No. 07 Civ. 11450, 2010 WL 3910756, at *4 (S.D.N.Y. Oct. 5, 2010) (quoting *Gleason v. Chain Serv. Rest.*, 300 F. Supp. 1241, 1257 (S.D.N.Y. 1969), *aff'd*, 422 F.2d 343 (2d Cir. 1970)).  Defendants have not met this standard here.  Moreover, given the Court's conclusion with respect to Walden's FLSA claim, it would be imprudent to grant a request to strike such allegations at this time based on Walden's purported failure to provide corresponding evidentiary support.

pick-up driver.  Still, he claims that Defendants have not demonstrated the absence of a genuine

issue of material fact.  Garcia Opp. Mem. L. 3.  Garcia's position is untenable.

The case law regarding the motor carrier exemption's application to drivers is well-

established.  *See, e.g.*, *Morris*, 332 U.S. at 430 ("The drivers are full-time drivers of motor

vehicles well within the definition of that class of work by the Commission if the work is done in

interstate commerce."); *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 222 (2d Cir. 2002)

(finding that the Secretary of Transportation had jurisdiction over defendant's drivers because

they operated vehicles in interstate commerce); *Dauphin*, 544 F. Supp. 2d at 274 (noting that

"[t]he activities of drivers affect safety of operations of motor vehicles, and thus, drivers may

come within the scope of the motor carrier exemption if their duties involve 'transportation on

the public highways of passengers [or property] in interstate . . . commerce'") (internal citations

omitted); *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 45 (E.D.N.Y. 2010) (noting

that common examples of employees who fall under the motor carrier exemption include

"employees who drive an employer's motor vehicles").  Because Garcia admits that he was a

driver, his duties necessarily affected the safe operation of the vehicle, regardless of any other

duties he may have had.  Accordingly, Garcia's claim that he did not exercise judgment or

discretion in picking up and loading trash onto Sanitation Salvage trucks—even if true—is

beside the point.  Garcia's FLSA claim is therefore DISMISSED without prejudice to replead

with an appropriate plaintiff within thirty (30) days of the date of this Order.[6]  *Cf. Shahriar v.*

*Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234 (2d Cir. 2011) (stating in connection with an

FLSA and NYLL collective and class action that "if, for some reason it is later determined by the

---

[6] If the FLSA claim is not replead accordingly, the Court will decline to exercise supplemental jurisdiction over the state law claims brought in Garcia's complaint and the case will be closed.

court that the representative Plaintiffs are inadequate [under Rule 23(a)(4)], the court could substitute another class plaintiff for the representative plaintiff in question or simply allow the remaining representative Plaintiffs to proceed with the class action."); *Faria v. Allstate Merch. Serv., LLC*, No. 09 Civ. 7444 (JSR), 2010 WL 1541576, at *1 (S.D.N.Y. Apr. 13, 2010) (discussing counsel's motion for substitution of new lead plaintiff in FLSA putative collective action after original lead plaintiff was dismissed for his intentional failure to appear at a deposition).

### f.  Defendants' Request for Fees and Costs

Defendants request attorney's fees and costs on the ground that the instant action was commenced in bad faith.  Courts in this Circuit have the power to award attorney's fees to a successful litigant when his opponent has commenced or conducted an action in bad faith, vexatiously, wantonly, or for oppressive reasons.  *Landmark Ventures, Inc. v. InSightec, Ltd.*, --- F. Supp. 3d ----, No. 14 Civ. 0233 (JGK), 2014 WL 6683677, at *15 (S.D.N.Y. Nov. 26, 2014) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986)). However, the Second Circuit has declined to uphold awards under the bad-faith exception absent clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes.  *Id.* (quoting *Dow Chem. Pac. Ltd.*, 782 F.2d at 344).  Based on the record before the Court, there is no basis to conclude that Garcia filed his complaint in bad faith.[7]  Defendants' request for attorney's fees and costs is therefore DENIED at this time.

---

[7] Because the instant motion was successful only as against Garcia, the Court has limited its consideration of Defendants' request for fees and costs to the filing of Garcia's complaint.

V.    **Conclusion**

For the reasons set forth above:

- Defendants' motion for summary judgment is GRANTED with respect to Garcia's FLSA claim without prejudice to replead with an appropriate plaintiff within thirty (30) days of the date of this Order.

- Defendants' motion for summary judgment is DENIED without prejudice as against Walden.

- Defendants' request for attorney's fees and costs is DENIED at this time.

The Clerk of the Court is respectfully directed to terminate the motion.  Doc. 13.

SO ORDERED.

Dated:    March 30, 2015
          New York, New York

Edgardo Ramos, U.S.D.J.