UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JEFFREY H. WALDEN, individually and on behalf of all other persons similarly situated,

Plaintiffs,

v.

SANITATION SALVAGE CORP, *et al.*,

Defendants.

------------------------------x

New York, N.Y.

14 Civ. 112(ER)

November 5, 2015
10:00 a.m.

Before:

HON. EDGARDO RAMOS,

District Judge

APPEARANCES

BRONSON LIPSKY, LLP
Attorneys for Plaintiffs
BY: DOUGLAS B. LIPSKY

TRIVELLA & FORTE, LLP
Attorneys for Defendants
BY: CHRISTOPHER A. SMITH

(Case called)

MR. LIPSKY: Good morning, your Honor. Doug Lipsky, of Bronson Lipsky, for the plaintiffs.

MR. SMITH: Good morning, your Honor. Christopher Smith for the defendants.

THE COURT: Good morning to you both.

Last time I guess I had dealings with this matter I issued an opinion in which I dismissed one plaintiff but not another on summary judgment because I determined that additional discovery was necessary before summary judgment could be determined. Thereafter, Mr. Lipsky, nothing happened, and I am wondering why that was?

MR. LIPSKY: That is correct, your Honor. Nothing happened because no discovery requests were served because there was no Rule 16 or Rule 26 conference, and the rules require the Rule 26 conference to occur before the parties can discovery requests.

THE COURT: The Rule 26 conference occurs without intervention of the court, correct?

MR. LIPSKY: That is correct, your Honor. The main reason we held off is usually, one, the court scheduling a Rule 16 conference triggers a deadline by when the Rule 26 conference needs to occur by, and we were hesitant to request a scheduling, being cognizant -- recognizing that the court's calendar is heavy and criminal cases take priority. And

defense counsel's letter came at a rather ironic time, when we were about to send that letter to the court requesting that the Rule 26 conference be scheduled -- I'm sorry, Rule 16 conference be scheduled.

THE COURT: As plaintiff, it is your responsibility to move this case forward. How many months passed?

MR. LIPSKY: There were six months between the court's order and the request for the conference.

THE COURT: In my experience, the Rule 26 conference occurs prior to the Rule 16 conference; but in any event, where are we? Mr. Smith, did you wish to say something?

MR. SMITH: Yes, your Honor.

On March 30 you issued an order that basically granted them limited discovery -- it is on page 9 of your order -- with respect to the issues that Mr. Lipsky's declaration, he believed he needed additional discovery on.

Just to refresh your recollection, not only did you dismiss the Garcia action, but you also found that, with respect to the drivers, the Motor Carrier Exemption test applies to them. You ruled dispositively that the interstate commerce prong of that test has been satisfied.

So the only issue that's left here is whether the helpers in the Walden case performed safety-related issues, so that that would satisfy the second prong of the Motor Carrier Exemption test. And on page 9 you specifically granted them,

pursuant to Rule 56, I guess it is (d) now -- it used to be (f) -- the limited discovery they said was necessary for them to oppose the summary judgment motion, which is currently *sub judice*. To wit, there are -- and I included these items in my proposed discovery order, which I passed up to the court, he said he needed additional discovery on the extent of the helpers' discretion in loading the trucks; the means by which defendants communicate the purported discretionary authority to helpers; whether the helpers adhered to a policy permitted by Sanitation Salvage in performance of their duties; information regarding the discretion helpers purportedly exercise in directing their coworkers' activities in order to ensure the safe operation of the trucks, as well as the helpers' discretion as to safety activities performed along the truck routes.

Those were the only issues that Mr. Lipsky stated were genuine issues of fact that he needed additional discovery on. We don't believe they are genuine issues of fact. We have submitted affidavits from helpers that provide a plethora of indicia that they are performing safety operations relating to the carting vehicles, and we also submitted case law that specifically found -- although albeit not in this district, it's persuasive, but not binding -- that helpers on these type of garbage trucks do perform safety functions.

So you gave them that limited discovery, and they sat

on their hands until they received a letter from us, basically, to the court, saying, inasmuch as they haven't asked for any discovery -- we gave them plenty of time, six months, to make their discovery requests. We received nothing. There was no requirement for a conference because (a) you specifically allowed the discovery in your order, and we had already previously had a conference, your Honor, in April of 2014, where the parties stipulated that conditional certification would be held in abeyance, and we agreed, as a *quid pro quo*, that we would toll the statute of limitations while the court addressed the Motor Carrier Exemption issue. Because if the court finds, as it did in the *Garcia* case, that the Motor Carrier Exemption applies, that would be a *sine qua non*, that would be an absolute defense to the FLSA case, and then the court would just have to decide whether, in its discretion, it wanted to exercise supplemental jurisdiction over the New York labor law causes of action.

We are now here, it is over a year and a half since the summary judgment motion was filed, and over six months, really seven months, now, since this court ruled on the matter. We still haven't received any discovery demands or notices for deposition; and, instead of that, we received a request from plaintiffs' counsel that they be allowed to move to conditionally certify the class.

So in our proposed scheduling order -- we met and

conferred, he met and conferred with me in good faith regarding the discovery and the proposed scheduling order, and we just reached impasse on the basic issue of what discovery should be allowed at this time.

In our proposed scheduling order, we think that the court should limit the discovery to the issues that they requested and that was set forth in the March 30, 2015, order, and that's at paragraph 19 of our proposed discovery plan. We would request that the court hold all other discovery stayed, and we suggested a date of January 8, 2016, but that is open to whatever the court's discretion is. That would be the deadline for us to move for a letter motion under summary judgment as to plaintiff Walden.

So we think, by the end of the year, the plaintiffs could complete the limited discovery pursuant to 56(d), and then we could submit a letter to the court renewing our application. Certainly, if plaintiffs' counsel, based on whatever discovery they are able to glean, wants to submit a supplemental declaration or anything additional to this court, we wouldn't oppose that as long as we have a chance to reply to that. I don't think we need any additional discovery from plaintiff.

I think it is a practical approach. It was the approach that was stipulated to by the parties back in April 2014, it conserves judicial resources and, inasmuch as the

summary judgment motion is *sub judice*, we would like to get a ruling on that first -- we think it makes sense to -- before addressing the conditional certification issue. And we would agree, certainly, we don't want to prejudice the plaintiffs in that delay, so we would agree to continue to toll the statute of limitations as we did in April of 2014.

THE COURT: Mr. Lipsky.

MR. LIPSKY: Thank you, your Honor.

Just to unpack a few items in there, to begin with, discovery scope, while the other plaintiff may have conceded that the defendants are motor carrier under the MCA, that was not -- this plaintiff did not concede that; and, in fact, after the summary judgment motion was briefed, there does appear that there are issues regarding whether or not defendants are in fact a motor carrier under the MCA, and that is a particular issue we would like to explore as well as all issues relating to plaintiffs' exemption status. And plaintiffs should not be limited to the items listed in the motion. Those items were listed in the motion because those are the specific items defendants relied upon in making their motion. So to create these finite lists I think, one, would prejudice the plaintiff because not being able to explore all relevant issues.

THE COURT: What's relevant in addition to what's listed on here in the defendants' proposal?

MR. LIPSKY: Including whether or not defendants are

in fact part of the continuity of interstate commerce. It has come to our knowledge that that is in fact an issue that they might not be able to establish; namely, when the materials are collected, they come to a resting spot that are then collected by another carrier. Because the transportation of the materials are all within New York State and then a third-party comes and collects the materials from New York and takes them out of state, that would break the continuity of interstate commerce. This was not an issue that was explored in defendants' motion, but it is a particularly relevant issue that plaintiff would like to explore.

THE COURT: Is it the case, Mr. Lipsky, that within the context of the Motor Vehicle Exemption, the individual him or herself would have to have crossed interstate lines in order to come within the exemption?

MR. LIPSKY: It is not, your Honor. If the other operations are intrastate, they can still become a motor carrier under the MCA if they are part of the continuity of interstate commerce. For example, if they are just transporting goods within the State of New York, they bring the goods to a warehouse, and then another party comes and collects those goods and takes them to New Jersey. The transportation of those goods just within New York is deemed part of that stream of interstate commerce. From plaintiffs' perspective, we have come to learn that there might be a sever in that

interstate commerce flow.

THE COURT: Mr. Smith, is that correct?

MR. SMITH: No, it is not, your Honor. I am looking for the portion of your order that you specifically found that they didn't bring it to contest the interstate commerce prong of the Motor Carrier Exemption. In fact, the only issues of fact that they requested discovery on -- it's on page 9 of your order -- related to the safety of the helpers. So you have ruled dispositively on that first prong. And really, with respect to the second prong --

THE COURT: The first prong being what?

MR. SMITH: Whether it be the interstate commerce -- my understanding is that under Motor Carrier Exemption there are two prongs that are involved. One is that the entity -- there has to be an interstate commerce activity, and the second would be that the individuals that are at issue would be performing safety operations with respect to the garbage vehicles.

THE COURT: But I don't recall dealing with this issue, the precise issue raised by Mr. Lipsky, in the opinion. My question to you is, is it the case that if there is a helper that helped to load goods that came from, say, Canada and helped unload goods in Buffalo and then those goods were then taken to Poughkeepsie and then taken to New Jersey, if the worker was only involved in the link between Buffalo and

Poughkeepsie, are they exempt from the interstate exemption?

MR. SMITH: The Motor Carrier Exemption would still apply, your Honor, as long as the intention of the party was to move the goods outside of the borders of New York State which, in this case, we have submitted affidavits which were not opposed and your Honor found were dispositive on that issue, that garbage is moved from here and then actually moved from a transfer station, I believe, to China. I forget whether it was China or India, but someplace outside of New York State.

On the issue of the safety, your Honor, with respect to this particular plaintiff, the plaintiff, they have got an obligation under Rule 56.1 and otherwise to set forth a genuine issue of fact requiring trial on the safety issue. For this particular plaintiff, he didn't do that. You will see there are two affidavits that have a significant number of items where we claim that the helpers performed safety functions. In the opposition papers, the plaintiff doesn't deny that those are actually done by the helpers. In fact, Mr. Lipsky's argument was, I can't glean that information, I can't oppose that information through the use of the plaintiffs, so I need this additional information, I need to speak to other helpers, for instance, in the company, and that's why they requested the limited discovery and you granted it. We have been available to provide helpers. We don't think there is a general issue of fact on that. But certainly, if you give me a moment, I can

see if I can find the section where you found that it was dispositive because they didn't oppose it in their papers.

THE COURT: In any event, look --

MR. SMITH: I will find it in a moment, Judge, but I remember specifically reading it. In fact, on page 9, since the only issue you are granting limited discovery on was the safety issue -- well, you have got it on footnote 2, page 8, you have got, "The parties agree that Sanitation Salvage is subject to the Secretary's jurisdiction because it is a 'motor carrier' as that term is defined by the statute."

THE COURT: Here is where I am. Because, as I understand it, the defendants have agreed to toll the statute of limitations with respect to any individual worker who might otherwise be affected, and because I did grant the parties the ability to take that limited discovery, and because of the preference certainly within this district to decide all of these issues on the merits, I am going to take us back to where we were six months ago and I am going to enter the proposed scheduling order proposed by the defendants which has a discovery cutoff of the end of this year. If there are legitimate scheduling problems with the holidays coming up that will prevent the discovery from taking place prior to December 30, the parties should contact chambers immediately and provide a proposed schedule for going forward. Again, there has to be a very good reason for doing that. I am saying this in advance

because I know that the holidays are coming up. We will schedule our next case management conference for early in January.

Ms. Rivera.

THE DEPUTY CLERK: January 8, 2016, at 11:30 a.m.

THE COURT: This order will be put on ECF today, and then when we complete that, we will be able to take up Mr. Lipsky's proposed motion for certification.

MR. LIPSKY: Your Honor?

THE COURT: Yes, sir.

MR. LIPSKY: Two issues on that. One, the discovery plan that plaintiff proposed contemplated while plaintiff was taking discovery on the exemption issue, keeping discovery as efficient as possible, we would also explore the policies that are applied to the putative class, which is only a marginal increase of the discovery. For example, the question of what policies applied to Mr. Walden will instead be what policies applied to the helpers. By being able to obtain that discovery, if the court denies defendants' renewed motion, plaintiff would then be able to promptly move for Rule 23 class certification and to conditionally certify the collective action. Defendants' proposal contemplates plaintiff redeposing everyone, asking almost the same exact questions, but now on a broader scale, which is not going to increase by meaningful amount the amount of discovery at issue but would allow that

motion to be made much quicker and avoid the expense of having to redepose everyone.

I just also wanted to understand if, by entering defendants' order, does that preclude plaintiff from exploring whether or not defendant is a motor carrier under the MCA?

THE COURT: Hasn't that been determined?

MR. LIPSKY: Respectfully, it has not, your Honor. In the footnote, it states that the parties do not dispute whether or not the secretary has exercised jurisdiction over the defendant and, in the very case that defendants heavily rely on, the *Graham v. Town & Country*, the Western District of Missouri explains that is not dispositive of that issue even when they are licensed by the DOT. It still remains an issue of whether or not they are part of the continuity of interstate commerce. So merely because the DOT is exercising jurisdiction doesn't make them -- does not qualify them as motor carriers.

THE COURT: What are you proposing?

MR. LIPSKY: We would like to depose them on whether they are in fact a motor carrier under the MCA, exploring the interstate commerce flow of the items at issue.

THE COURT: Mr. Smith.

MR. SMITH: Your Honor, the only discovery that he said he needed with respect to the summary judgment motion related to the safety issues on page 9 in your order. You specifically delineated those issues, giving them every single

item that he was looking for in his declaration. We respectfully oppose plaintiffs' application to expand discovery. Yes, it is possible that individuals' deposition may have to be taken twice, and we are willing to incur that additional expense if it occurs; but it is also possible that the court may grant summary judgment and that the limited depositions would result in conservation of judicial resources and the financial resources of my client.

With respect to the depositions, I am a little bit surprised that they are arguing now that they need this discovery immediately so they can efficiently and as soon as possible file their initial certification motion. In April of 2014, they were willing to stipulate that that additional certification motion be held in abeyance pending a hearing and determination of the summary judgment motion on --

THE COURT: Mr. Smith, I am entering your proposed order. We are adjourned.

MR. SMITH: Thank you, your Honor.

MR. LIPSKY: Thank you, your Honor.

\- - -